The Altoona Coal and Coke Company *v.* Francis N. Burk, Mrs. J. M. Christy, Widow and Administratrix of Josiah M. Christy, deceased, James M. Murdy and Regina Murdy, his Wife, James Boggs and Susan Boggs, his Wife, James J. Christy, Elizabeth Christy, Rose Christy, Francis X. Christy, Bernard Delaney, and George Delaney, Appellants.

*Deed—Principal and agent—Evidence.*

Lands purchased by an agent were to be taken in the name of a trustee for the purchasers. When the deed for one tract was prepared the name of the trustee was omitted as grantee, but he was mentioned in the receipt in the deed as the person from whom the purchase money was received. The lands were afterwards assessed in the name of the trustee. Subsequently the agent procured the vendors to make a deed for the same land to himself, alleging that the first deed had been lost. He claimed that he had bought the land with money furnished by his wife, but the proof failed to convince the master. In an action brought by the agent against the cestui que trust for compensation for service in buying lands, his statement showed that he claimed compensation for purchasing this tract. *Held,* that the second deed should be canceled.

Argued Oct. 14, 1895. Appeal, No. 34, Oct. T., 1895, by defendants, from decree of C. P. Cambria Co., June T., 1885, No. 1, on bill in equity. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Bill in equity for the cancellation of a deed.

During the winter of 1864 and 1865 Josiah M. Christy pur-

chased from different owners seven different tracts of land situate in then Allegheny township, now Gallitzin township, Cambria county, Pa., as follows:

| Grantor. | Grantee. | Date 1865. | Twp. Allegheny. | Acs. Ps. | Consideration. |
|---|---|---|---|---|---|
| M. F. Wagner | S. M. Kier | 26th May | " | 290–74 | $ 6500.00 |
| A. L. Holliday | " | 27th Oct. | " | 711–64 } | 25000.00 |
| " | | | | 47–156 } | |
| T. T. Byrne | " | 15th May | " | 109–20 | 2177.93 |
| D. F. Delaney | " | 26th July | " | 129 | 1540.00 |
| Pat'ck McGuire | " | 13th May | " | 395 | 7600.00 |
| " | " | | " | 109–21 } | 5500.00 |
| J. M. Christy | " | 20th Sept. | " | 212–39 } . | |
| D. A. Sipe, et al. | " | 29th May | " | 429–74 | 7443.00 |
| | | | | 2433–128 | $55720.93 |

In addition to the above named tracts of land which were by Josiah M. Christy conveyed, as appears by the deeds, to S. M. Kier, Mr. Christy purchased another tract of land, situate in the same township, from George and Bernard Delaney, containing 103 acres and 27 perches, and this is the tract in dispute and is described in plaintiff's bill, paragraph second. Since 1865 Gallitzin township was formed out of parts of Allegheny township and Washington township, and the lands are in Gallitzin township. J. M. Christy died June 27, 1882. J. M. Christy purchased these lands at different prices and on his own account. He had been negotiating with the Pittsburg capitalists named in paragraph first of plaintiff's bill to sell them the lands he had purchased, as well as a tract owned by himself, which is in the above list—212 acres and 39 perches, consideration $5,500. No conveyance was made by George and Bernard Delaney to any one for the 103 acres and 27 perches, until March 21, 1881, when they conveyed this land to J. M. Christy, who on the 11th day of February, 1882, conveyed the undivided one half of said land to Francis N. Burk, who with the widow and the children and heirs of J. M. Christy, deceased, are the defendants in this case; and this land and the title, George and Bernard Delaney to J. M. Christy, are the matters in dispute.

The case was referred to H. H. Myers, Esq., as master, who reported as follows:

The master found the following facts, to-wit: That Josiah M. Christy in July, 1865, purchased for a number of persons in Pittsburg a number of tracts of land in this county, among them a tract of land from George and Bernard Delaney as described in the bill containing 103 acres for the sum of $1,300. It was agreed by the purchaser that the deeds should be made to Samuel M. Kier, one of their number, and the intention was to form a corporation under the name of the Allegheny Mountain Coal & Lumber Company, and then have the tracts conveyed by S. M. Kier to the corporation. Cyrus L. Pershing, Esq., was the attorney and counsel for the said company, and Josiah M. Christy was its agent, and negotiated the purchase of the tract in question and a number of other tracts about the same time.

From May 12, 1865, till June 10, 1865, a large sum of money was placed in the hands of J. M. Christy for the purchase of said lands, and the purchase money paid to George and Bernard Delaney was paid by J. M. Christy, in the opinion of the master, out of this money. There is some evidence that there was some money in the hands of Christy belonging to his wife Rebecca A. Christy, and it is urged by defendants that that money was used for the purpose of buying the particular tract in question, but in the opinion of the master it is not strong enough to raise that presumption, and he is of the opinion from the evidence as a whole that the purchase money paid by J. M. Christy to the Delaneys was out of the funds in his hands belonging to the Allegheny Mountain Coal & Lumber Company as they styled themselves. The deeds for the several tracts purchased by J. M. Christy for the company were prepared by Mr. Pershing, including the one in question, in all of which the name of Samuel M. Kier was inserted as the grantee excepting the deed from Bernard and George Delaney. By an oversight of some one preparing the deed under Mr. Pershing the name of the grantee was not inserted. The deed without the name of a grantee was acknowledged by the grantors George and Bernard Delaney and delivered to the agent of Samuel M. Kier, and placed on record by him in the recorder's office of Cambria county November 8, 1866. The said deed was dated July 26, 1865, and contained as recorded the following receipts: "Received the day of the date of the above indenture

of the above name Samuel M. Kier the sum of $2500, lawful money of the United States being the consideration money above mention in full." (Signed) George Delaney for Bernard Delaney. Witness Samuel Craig. The said company paid the taxes regularly on the tract in question until the same was sold under a decree in equity of the court of common pleas of Cambria, and since that time by the subsequent holders of title. The land having been assessed in the name of Samuel M. Kier. That Samuel M. Kier having died, a suit in equity was instituted wherein J. W. F. White was plaintiff and I. C. Pershing et al. were defendants. The said defendant, as well as the plaintiff, being entitled to the interest in said land as beneficiaries of the title held in the name of Samuel M. Kier. A decree was made in said case June 8, 1881, for the sale of said lands. John W. White, being appointed by the court to sell the same, and under said order a sale was made to James L. Reed by the trustee, which was confirmed and a deed was duly executed to him. The said J. L. Reed sold and conveyed the said lands to S. C. Baker by deed dated November 23, 1881, and the said S. C. Baker sold and conveyed the same to the Altoona Coal & Lumber Company, the plaintiff in this action, by deed dated November 23, 1881. J. M. Christy on the 26th day of March, 1881, obtained from Bernard and George Delaney a deed for the land in question without any further or other consideration than that paid for the deed intended to be made to Samuel M. Kier. The said deed was obtained from the Delaneys upon the representation of J. M. Christy that the former deed made by them was lost and could not be found, stating to them that the land was his. The Delaneys first objected in making such deed, but after consulting counsel concluded to do so, but accepting no consideration for the second deed. The original deed made by George and Bernard Delaney had a consideration of $2,500 (in writing), but the testimony shows but $1,339 was paid for the same. F. N. Burk, one of the defendants to this action, by deed dated February 10, 1882, purchased from J. M. Christy an undivided half interest of the land in question after the death of Josiah M. Christy. His heirs and F. N. Burk, the defendants in this case, brought an action of trespass quare clausum fregit against S. C. Baker in the common pleas of this county on December 9, 1882, to

recover damages for an alleged trespass on the tract of land in question, and in which the question of whose money went into the land in question was raised on a defense founded on a deed to—intended to be S. M. Kier, and the jury found in favor of S. C. Baker and a judgment entered on a verdict. From the above facts warranted by the evidence and the evidence as a whole the master is of the opinion that the prayer of the complainant should be granted, and suggests respectfully that a decree be made by your honorable court in conformity with the bill directing the Delaneys to execute a deed to the Altoona Coal & Coke Co., and that F. N. Burk and the Christy heirs be directed to deliver up their deed from the Delaneys to be canceled.

The following exceptions to the report of the master were filed by the defendants.

1. As to the facts—Josiah M. Christy was purchasing lands in Gallitzin township and vicinity in said county, for the purpose of selling the land so purchased to any person or persons who desired to purchase from him, particularly S. M. Kier & Company, as they appeared to be the first parties offering to buy coal lands, the kind Josiah M. Christy contracted for.

2. That he did purchase a number of tracts which were duly conveyed to said S. M. Kier, the said S. M. Kier taking the titles and advancing certain amounts of money, as shown by the testimony. Those tracts were duly conveyed by deed to S. M. Kier.

3. The master erred in finding that S. M. Kier and others intended to be incorporated as the Mountain Coal & Lumber Company, as no such incorporation ever existed, nor is there any evidence a charter was ever applied for by the parties named in the bill of complaint in this case.

4. The master erred in finding as a fact that J. M. Christy was the agent of S. M. Kier et al., while in fact the evidence shows he was purchaser on options to sell at an advance.

5. The purchasers did not agree that the deeds for said lands, not including the Delaney, should be made to S. M. Kier. The evidence shows on the contrary that the deeds were made without naming a vendee, and that S. M. Kier's name was subsequently inserted, arbitrarily and without the consent of the vendors, who had contracted with J. M. Christy, nor with the

consent of said Christy. The deeds so made were therefore void and of no effect whatsoever for want of contracting parties.

6. The evidence shows that while the Kier party sent J. M. Christy money to advance on lands, it is clear and not disputable that the money, not only of J. M. Christy, but of his wife, now Mrs. Wm. Glass, was paid on the land of George Delaney and Bernard Delaney.

7. The master should have found further: From all the evidence in the case that whatever lands J. M. Christy sold them were to be at $20.00 per acre: While he was purchasing in his own name in his own right, and the shortest, quickest and most convenient method was adopted to convey to no one, and this under the advice of an eminent legal gentleman to whom Christy would as a purely business matter defer.

8. The master should have found that the deed in question was properly, legally vested in J. M. Christy, and that the plaintiff in this case can have no legal right to the property in dispute, and consequently no decree in this case can be effected and carried into effect, made in accordance with the report of the master.

9. That the master should have affirmed paragraph four of defendants' answer of plaintiff's bill—also that paragraph nine of defendants' answer should have been affirmed.

10. The error most palpable in the report being from page 2 —" That Josiah M. Christy in July, 1865, purchased for a number of persons in Pittsburg a number of tracts of land in the county, and among others a tract of land in name of Bernard and George Delaney as described in the bill containing 103 acres for $1,300. It being agreed that the deeds should be made to S. M. Kier, one of their number, and intending to be incorporated as the Allegheny Mountain Coal & Lumber Co., and then have the tracts conveyed from S. M. Kier to the corporation." This finding is not borne out by the evidence but is contradicted by it. The Delaneys knew no one in the transaction but J. M. Christy, and his own check paid the money for the land. And in this connection it is proper to object to the reception of the evidence of Hon. C. L. Pershing in this case without his personal presence before the master. And more so because J. M. Christy was dead when this hearing was held. The master

again erred in this part of his report in finding that the money paid for the Delaney land was furnished by the Pittsburg parties.

11. The failure of this master to take up the paragraphs of the plaintiff's bill and compare them with the defendants' answer shows that his preconceived opinions of the case were formed from former litigation in this case—wherein the parties were equally successful.

12. The master erred in admitting litigation of said title of J. M. Christy of the previous trials between the said parties.

13. The assignments and records are not such as to place the legal title in the plaintiff—and this is denied in paragraph of defendants' answer.

14. That the defendants do deny all the averments of plaintiff's bill from paragragaph first to the end of said bill, and do further assert that said assertion was fully met by the answer thereto, and that the allegations in the answer have been fully sustained by the evidence, and that the plaintiff has not sustained his claim.

15. The contest between the parties hereto being nominal purchasers, unnamed in the original papers, no decree can be made to set aside a signed and sealed instrument.

16. The deed, F. N. Burk of February 10, 1892, from J. M. Christy conveyed the undivided half of said tract to F. N. Burk. The master did not find on the question of notice to Mr. Burk as a third party; does not find on the question of notice.

17. The master should have affirmed all of the paragraphs in defendants' answer from 1st to 10th inclusive, and to have reported that the bill should be dismissed.

18. And the exceptants add thereto that all past proceedings between the parties hereto are not evidence. And that the evidence offered prior to the Altoona Coal & Coke Co., plaintiff is illegal. That they by these pleadings admitted the possession of the lands in the defendants.

19. And to follow the above paragraph either ejectment or trespass q. c. f. was the proper remedial effort on part of the present plaintiff, who had his full remedy therein.

20. That under all the evidence and law bearing on the case the bill of complaint should have been dismissed.

On exceptions LONGENECKER, P. J., specially presiding, filed the following opinion:

After a careful reading of the exceptions by the defendants to the report of the examiner and master, and all the evidence bearing on the points involved therein, we conclude we must overrule Nos. 1, 2, 3, 6, 8, 9, 11, 12, 13, 14, 15, 17, 18, 19 and 20, because they are not sustained by the evidence and law of the case. In answer to the remaining exceptions it may be advisable to state more fully the grounds for our action thereon.

As to No. 3, it may be said, while it is true no such corporation as the Mountain Coal & Lumber Company was ever formed, the evidence clearly shows that the vendees contemplated procuring a charter and for the time being employed that name, and Christy in 1869 sued them by that name.

As to the 5th and 10th exceptions we say, though there is some contradiction as to whether it was understood and intended when the deed from the Delaneys was taken, that the name of the vendees should not be then inserted, but remain in blank until after the purchasers had decided upon a trustee, or had formed themselves into a corporation, as indicated by their resolution of October 18, 1865, and the declaration of trust attached to the deposition of Judge PERSHING, taken November 15, 1884; yet there is no reason to doubt that when the deed was taken on the 26th July, 1865, by Christy, he and the vendors fully understood the sale to be to the Pittsburg parties, calling themselves the Mountain Coal & Lumber Company. Nor can there be any doubt that their money paid for the land. There is no evidence to sustain the claim of the defendants that it was paid with funds of either Christy or his wife. If it had been his wife's money, why take the deed of 1881 to himself? If all the participants in the transaction assented to making the deed with the vendee's name in blank, upon the understanding that the corporation name or that of a trustee should be thereafter inserted, how can Christy, the agent of the purchasers, take advantage of the arrangement to secure to himself the title? If, on the other hand, the omission occurred through mere accident or mistake, as stated by Judge PERSHING, Christy was in no better position to take the title for which his principals had paid. As to the claim that he was to be paid at the rate of $20.00 per acre for the sales negotiated by him, it is enough to say the burden of making out such claim is on the defendants; but as the controlling question in this case is, whether he bought

the 103 acres in suit for the Pittsburg parties as their agent and paid therefor with their money, it is a matter of indifference what his compensation was to be.

In answer to the 16th exception, it may be stated, if the deed on record, showing the payment of the purchase money by Kier, was not constructive notice to Burk, the vendee of Christy, under the deed of February 10, 1882, the evidence shows that he participated in procuring the deed of March 26, 1881, from the Delaneys to Christy, was present when it was executed and knew it was without consideration and that it was to take the place of that of 1865.

We think the conclusions of the examiner and master in this case were amply justified by the evidence. Judge PERSHING says he, as a counsel for the Pittsburg parties, prepared the deed of July 26, 1865, and sent it to Christy that he might have it executed by the Delaneys; that after it was so executed by them it was returned to him by Christy. If it had been a sale to his wife or himself, as is claimed by the defendants, would he not have kept it? It was taken by Mr. Barrett, the agent of the Pittsburg parties, with other deeds belonging to them, to the recorder's office and placed on record. After it was recorded, it was lifted by Mr. Martin, one of the Pittsburg parties, and the recorder's fees paid by him. The receipt in the deed, for the purchase money, is to Kier, and not to Christy or his wife. In 1869 Christy brought suit against the " Allegheny Mt. Coal Co.," being this same Pittsburg party, to recover compensation for land purchases negotiated by him for them, and in his declaration enumerates the tract of land in suit as one of those bought for them. In his amended declaration he mentions it again as one of the tracts purchased by him for the defendants, saying, he "procured for said defendants a good title therefor by the deed of conveyance of the former owners of the same, duly delivered to said parties." After the sale of 1865 the land was assessed in the name of Kier. Bernard Delaney, one of the vendors, says he understood Christy was buying for the " coal company, and that the deed of 1881 was to be a new one in place of that of 1865, which Christy said had been lost." It was not understood as a new purchase. The consideration mentioned in each deed is $1,339, and not a cent was paid in 1881 for the second conveyance. The

theory of the plaintiff seems, therefore, to be fully sustained by the evidence, and the report of the examiner and master is confirmed and the exceptions thereto overruled.

In accordance with the foregoing, we make the following decree, viz : And now, October the 31st, 1894, this cause having come on for hearing on the exceptions to the report of the examiner and master, after full argument thereof by counsel, it is ordered, adjudged and decreed that the defendants, Bernard Delaney and George Delaney, shall, within twenty days after notice of this decree, make, execute and deliver to the Altoona Coal & Coke Company, plaintiff, a deed of conveyance for the 103 acres mentioned and described in their deed of July 26, 1865, recorded in Cambria county in record book, vol. 25, page 488, etc., in lieu of said last mentioned deed.

It is further ordered, adjudged and decreed that the other defendants shall, within twenty days after notice of this decree, surrender and deliver up to the plaintiff or to the court of common pleas of Cambria county the deed from the said Bernard Delaney and George Delaney to J. M. Christy for the same land, dated the 26th day of March, 1881, and recorded in said county in record book, vol. 44, page 853, etc., and that the same be thereupon canceled, and that the said last named defendants pay the costs of this proceeding.

*Error assigned* among others was above decree.

*William H. Sechler,* for appellants.—When a clause hinges on a disputed legal title that title must first be settled in a court of law: Duncan v. Hollidaysburg and Gap Iron Works, 26 W. N. C. 479; 1 Brightly's Purdon, 635 Pl. 1; Land Co. v. Weidner, 169 Pa. 359; Hewitt's App., 88 Pa. 55; Gilroy's App., 100 Pa. 5; Kinter v. Jenks, 43 Pa. 445; Richards v. Cherrington, 12 W. N. C. 140; Long's App., 92 Pa. 171; Way's App., 8 Atl. Rep. 173.

Want of notice will operate to protect one who buys from a trustee, or a subsequent vendee, or mortgagee who gets in the legal title, or a purchaser under a duly registered conveyance: Bispham on Equity, sec. 263.

The mere assessment and payment of taxes is not evidence of legal or equitable title, and therefore does not convey notice of its existence : Morey v. Herrick, 18 Pa. 123.

The vague reports of strangers or information given by a person not interested respecting a defect of title to land will not have the effect of notice to the purchaser : Kerns v. Swope, 2 Watts, 75; Moyer v. Schick, 3 Pa. 242.

A bare entry by the cestui que trust without following possession will not bar the act: Douglass v. Lucas, 63 Pa. 9. If there be neither entry nor possession taken by the party to whom the trust results within five years after it occurs, and no acknowledgment in writing, the trust cannot be asserted against the trustee : Clark v. Trindle, 52 Pa. 492; Best v. Campbell, 62 Pa. 476; Bispham on Equity, sec. 260.

Whatever the nature of the plaintiff's claim and of the relief which he seeks, if his claim grows out of or depends or is inseparably connected with his own prior fraud, a court of equity will in general deny him relief, and will leave him to whatever remedies or defenses at law he may have : Pomeroy's Equity, sec. 401; Nat. Bank's App., 159 Pa. 381; Bispham's Equity, 60; Brown v. Pitcairn, 148 Pa. 387; Davidson v. Barclay, 63 Pa. 406; Adams v. Smith, 19 Pa. 182; Bispham's Equity, sec. 202.

To establish a resulting trust in parol, the evidence must be full, clear and satisfactory : Capebait v. Capebait, 2 Phila. 134; Hays v. Quay, 68 Pa. 263.

*P. J. Little*, for appellee.—Where an equitable title is the subject of controversy, that can only be disposed of through the equitable powers of the court, and its judgment, in such case, must necessarily have the force of a decree : Winpenny v. Winpenny, 92 Pa. 440; Riel v. Gannon, 161 Pa. 289; Gordinier's App., 89 Pa. 528; Frauenthal's App., 100 Pa. 290 ; Burger v. Dankel, 100 Pa. 113; Ridgely v. Spencer, 2 Binney, 70.

Where a deed is procured through a fraud, courts of equity have jurisdiction to compel the parties procuring the same to deliver said deed up to be canceled : Mortland v. Mortland, 151 Pa. 593 ; Yard v. Patton, 13 Pa. 278; Bispham's Equity, sec. 575.

Equity will not assist one to retain any property procured by fraud. Neither will it lend its helping hand to one who assists in committing a fraud: Bleakley's App., 66 Pa. 187; Maul v Rider, 59 Pa. 167 ; Christy v. Sill, 95 Pa. 380.

If an instrument ought not to be used or enforced it is against conscience for the party to retain it, since he can retain it only for a sinister purpose, and the other party is entitled to relief quia timet: Eckman v. Eckman, 55 Pa. 269.

PER CURIAM, November 4, 1895 :

The decree in this case is affirmed on the opinion of the learned court below.